Nott, J.
It is not necessary to resort to English authorities to enable us to determine the first question made in this case, it depends upon the construction of our qwb *186 act of 1733, which allows magistrates double costs “hi any action, suit, bill, plaint, or information which shall be commenced or prosecuted against them, wherein the plaintiff shall be non-suited, or verdict shall pass for the defendant;” (P. L. 135,) Admitting, therefore, that costs are not allowed by the english law (or were not before Statute 8 Eliz; Cv 5. which is not of force here,) in qui tarn, actions, it is obvious that it was the intention of the legislature to embrace cases of that description in this act. The act was to protect public officers from groundless and vexatious actions and prosecutions; and i think the words of the act sufficiently broad to effect the object. The act under which the defendant was prosecuted authorizes the penalty to be recovered.by “ bill or plaint, only;” the very words used in the act under consideration, as descriptive of the actions or prosecutions in w'hich the double costs should be allowed.
The second ground is, .that the defendant was not sued for any thing done in pursuance of his office. But by a reference to the record, it will be found that he was charged with having sat on a certain trial in the capacity of a magistrate having omitted to sign-the roll as required by law; (P.' Id. 301.) Omitting to sign the roll did not effect his qualification as magistrate. He was not less subject to the immunities and privilegés of a public officer on that ground. The act itself recognizes him as such. He was, therefore, sued for an act literally done in pursuance of his office as a justice of the peace. The court are of opinion that the costs are properly taxed and that this motion must be be dismissed*.
I. IS. Holmes for the motion,
J. B. Legare, contra.